UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANGELA J. WEST,                )
                               )
    Plaintiff             )
                               )
v.                             )   1:11-cv-00238-JAW
                               )
SOCIAL SECURITY ADMINISTRATION )
COMMISSIONER,                  )
                               )
    Defendant             )

**REPORT AND RECOMMENDED DECISION**

Plaintiff Angela West seeks disability insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act. West is a younger individual whose capacity for employment is restricted by, predominantly, mental health conditions. These mental health conditions have been significantly complicated by a history of substance abuse. The Commissioner concluded that West is capable of performing substantial gainful activity in occupations existing in significant numbers in the national economy, provided that she abstains from substance abuse. West does not challenge the Commissioner's assessment of her mental health conditions. Instead, she alleges error based on the administrative law judge's failure to perform a "function-by-function" analysis in relation to West's physical work capacity. I recommend that the Court affirm the administrative decision.

### STANDARD OF REVIEW

The Court must affirm the administrative decision so long as it applies the correct legal standards and is supported by substantial evidence. This is so even if the record contains evidence capable of supporting an alternative outcome. Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir.

1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. Richardson v. Perales, 402 U.S. 389, 401 (1971); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the January 28, 2011, decision of Administrative Law Judge Vickie Evans because the Decision Review Board did not complete its review during the time allowed. The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920. (Doc. No. 8-2, R. 1-18.[1])

West met the insured status requirements of Title II through March 31, 2006. At step 1, the ALJ found that West has not engaged in substantial gainful activity since December 31, 2005, alleged onset date. (R. 10, ¶ 1.) The ALJ noted a failed attempt to work at Dunkin Donuts in 2006 and some cleaning work for the owner of West's apartment building, neither of which was performed at the substantial gainful activity level. (Id.) At step 2, the ALJ found that West has affective, anxiety, and personality disorders, and a history of polysubstance abuse currently in remission. (R. 10, ¶ 3.) In addition, the ALJ found hypothyroidism to be a severe physical condition. (Id.) At step 3, the ALJ found that West's combination of mental impairments meets multiple mental health listings in Appendix 1 to 20 C.F.R. Part 404, Subpart P, but only when West is actively abusing substances. (R. 12-14, ¶¶ 4-5.) The ALJ made a residual functional

---

[1] The Commissioner has consecutively paginated the entire administrative record ("R."), which has been filed on the Court's electronic docket in a series of attachments to docket entry 8.

capacity finding based on West's capabilities while in remission and determined, at step 5, that West's mental impairments did not preclude West from performing substantial gainful activity. (R. 17, ¶ 11.) Based on testimony from a vocational expert, the ALJ found that West could successfully transition to three representative occupations; one each in the medium-exertion, light-exertion, and sedentary exertion categories. (R. 17-18, ¶ 11.) In the course of her evaluation, the ALJ found that West has a severe hypothyroid condition and that this condition, coupled with her reports of leg cramping, would prevent West from performing sustained work activity at the heavy-exertion level. (R. 16.)

## DISCUSSION

West argues that the ALJ erred in regard to her residual functional capacity assessment because she simply concluded that hypothyroidism and leg cramping precludes heavy-exertion work, without conducting a function-by-function analysis. (Statement of Errors at 2-4, citing Social Security Ruling 96-8p.) From West's argument, it appears that her hypothyroidism results in fatigue and that her health care providers have questioned whether her complaints of leg pain are associated with anemia, the thyroid issue, or a restless leg syndrome. (Id.) West argues that the testimony of the vocational expert cannot supply substantial evidence in support of the ALJ's step 5 finding if the ALJ relied on a flawed physical residual functional capacity assessment.

The only expert opinion of physical residual functional capacity is that of Iver Nielson, M.D., dated October 14, 2009. (Ex. 18F.) Dr. Nielson offered an opinion that West's records do not establish the existence of any exertional limitations, postural limitations, or manipulative limitations, and he noted the presence of the hypothyroid condition. (R. 2209-11, 2215.) There is no treating source opinion of record that could be construed to contradict Dr. Nielson's

3

assessment.

The Commissioner's regulations promise that the Commissioner will "consider your ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4). The Commissioner has issued a policy interpretation ruling explaining that a residual functional capacity assessment requires identification of a claimant's functional limitations and assessment of work-related abilities "on a function-by-function basis." Social Security Ruling 96-8p, 1996 SSR Lexis 5, *2, 1996 WL 374184, *1 (S.S.A. July 2, 1996). While it is not mandatory for an administrative law judge to discuss every physical and mental demand of work in the course of a decision, the Commissioner must at least satisfy the function-by-function inquiry by seeking one or more assessments of work functioning from qualified experts during the claims process. These assessments are commonly reported on a form that facilitates a function-by-function review, namely the residual functional capacity assessment forms.

The ALJ was not required to include a function-by-function discussion of West's capacity for physical work activities. The physical residual functional capacity form completed by Dr. Nielson (Ex. 18F) supplies a function-by-function evaluation and it also provides substantial evidence in support of the ALJ's failure to find any greater physical impairment beyond a preclusion of heavy-duty occupations, particularly in the absence of any conflicting assessments in the record. See, e.g., Rigby v. Astrue, No. 1:11-cv-110-JAW (Jan. 30, 2012, Rec. Dec., Doc. No. 12, adopted in Feb. 21, 2012, Order, Doc. No. 14) (citing supportive district precedent for affirming in the absence of a function-by-function discussion in the administrative decision, even where conflicting evidence was presented). In effect, the ALJ gave some limited credit to West's subjective complaints of physical restrictions, even though the only expert

opinion evidence of record indicated that the ALJ need not do even that. There simply is no conflicting evidence and West has proved unable to cite a function-specific finding in the record that would require more protracted discussion.

## CONCLUSION

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court AFFIRM the Commissioner's final decision and enter judgment in favor of the Commissioner.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 13, 2012